UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80803-CIV-MARRA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

WILLIAM BETTA, JR., TRAVIS A. BRANCH,
JAMES J. CAPRIO, TROY L. GAGLIARDI,
RUSSELL M. KAUTZ, BARRY M. KORNFELD,
SHANE A. MCCANN, CLIFFORD A. POPPER,
ALFRED B. RUBIN, and STEVEN I. SHRAGO,

    Defendants.
_____/

## FINAL JUDGMENT

In accordance with the Court's Findings of Fact and Conclusions of Law, it is

hereby

**ORDERED AND ADJUDGED** that Final Judgment be and the same is hereby

ENTERED in favor of Defendants Troy L. Gagliardi, Russell M. Kautz, Shane A. McCann,

Alfred B. Rubin and Steven I. Shrago and against the Commission as to these five

Defendants.  The Commission shall take nothing from Troy L. Gagliardi, Russell M.

Kautz, Shane A. McCann, Alfred B. Rubin and Steven I. Shrago.  It is further

**ORDERED AND ADJUDGED** that Final Judgment be and the same is hereby

ENTERED in favor of the Commission and against William Betta Jr. And Travis A.

Branch.  Betta and Branch are permanently restrained and enjoined from violating,

directly or indirectly, § 10(b) of the Securities Exchange Act o 1934, 15 U.S.C. § 78j(b)

and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security;

(A)     to employ any device, scheme, or artifice to defraud;

(B)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(C)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

Branch is liable for disgorgement of the commissions earned from the Osiecki's account for the period while the account was on margin, together with prejudgment interest as of the date of the filing of the complaint.  There is insufficient evidence in the record for the Court to determine this amount.  The Court retains jurisdiction to conduct further proceedings to determine the amount of commissions Branch earned from the Osiecki's account while their account was on margin.  The Court exercises its discretion to not impose a civil penalty against Branch.

Betta is liable for disgorgement of an amount to be determined after additional proceedings, together with prejudgment interest as of the date of the filing of the complaint.  The Court does not find that Betta should be required to disgorge all commissions he earned from the CMO Program.  A more refined determination of the amount of his liability for disgorgement is necessary.  The Court

retains jurisdiction to conduct further proceedings to determine that amount.  The

Court exercises its discretion to not impose a civil penalty against Betta.

The Court retains jurisdiction of this matter for the purposes of enforcing the

terms of this Final Judgment.  This case is closed.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 29th day of March, 2018.

KENNETH A. MARRA
United States District Judge